No. 18-12679
_____
_____

# In the United States Court of Appeals
## for the Eleventh Circuit

_____

ART ROJAS, LUCINDA HALE,
Plaintiffs – Appellees,
v.
CITY OF OCALA, FLORIDA,
Defendant – Appellant,

_____

On Appeal from the United States District Court
for the Middle District of Florida

_____

**APPELLANT CITY OF OCALA'S MOTION TO STAY THE ISSUANCE OF THE MANDATE**

_____

Jay Alan Sekulow
Jordan A. Sekulow
Andrew J. Ekonomou
Christina Compagnone
AMERICAN CENTER FOR LAW
 & JUSTICE
201 Maryland Avenue, NE
Washington, DC 20002
Tel. (202) 546-8890
sekulow@aclj.org
ccompagnone@aclj.org

Abigail A. Southerland
AMERICAN CENTER FOR LAW & JUSTICE
625 Bakers Bridge Ave., St. 105-121
Franklin, TN 37067
Tel. (615) 599-5572
Fax (615) 309-8832
asoutherland@aclj.org

Francis J. Manion
AMERICAN CENTER FOR LAW & JUSTICE
6375 New Hope Rd.
New Hope, KY 40052
Tel. (502) 549-7020
fmanion@aclj.org
*Counsel for Defendant-Appellant*

No. 18-12679, *Rojas v. City of Ocala*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26, counsel for Appellant City of Ocala certifies that the following have or may have an interest in the outcome of this case/appeal:

- American Center for Law & Justice (law firm for Appellant)

- American Humanist Association (law firm for Appellee)

- Chubb Limited (formerly ACE), parent company of Chubb North America

- Chubb North America

- City of Ocala (Appellant)

- Compagnone, Christina (formerly Christina Stierhoff, Counsel for Appellant)

- Corrigan, Timothy J., presiding district court judge

- Ekonomou, Andrew J. (Counsel for Appellant)

- Gilligan, Patrick G., Esq. (Counsel for Appellant)

- Gilligan, Phelan & Anderson P.A. (law firm for Appellant)

- Hale, Lucinda (Appellee)

- Manion, Francis J. (Counsel for Appellant)

C-1

No. 18-12679, *Rojas v. City of Ocala*

- Miller, Monica L., Esq. (Counsel for Appellee)

- Morcroft, Heather, Esq. (Local Counsel for Plaintiffs-Appellee)

- Rojas, Art (Appellee)

- Sekulow, Jay (Counsel for Appellant)

- Sekulow, Jordan (Counsel for Appellant)

- Southerland, Abigail (Counsel for Appellant)

Dated: August 9, 2022,    Respectfully Submitted,

/s/ Abigail A. Southerland
Abigail A. Southerland
AMERICAN CENTER FOR LAW & JUSTICE
625 Bakers Bridge Ave., St. 105-121
Franklin, TN 37067
Tel. (615) 599-5572
Fax (615) 309-8832
asoutherland@aclj.org

*Counsel for Defendant-Appellant*

## MOTION TO STAY ISSUANCE OF THE MANDATE

Pursuant to Fed. R. App. P. 41(d), Defendant-Appellant, City of Ocala (the "City"), respectfully moves for a stay of the issuance of the mandate in this case pending its application to the United States Supreme Court for a writ of certiorari and until the final disposition of the case by the Supreme Court.

This motion is timely as the Court decided this case on July 22, 2022, and the mandate has not yet issued. *See* Fed. R. App. P. 40 and 41 (the mandate must issue 7 days after the time to file a petition for rehearing expires, i.e., 14 days.)

The City plans to file its certiorari petition within the allotted ninety days Sup. Ct. R. 13(1). The City will also notify this Court of the filing of the petition in order to continue the stay until the Supreme Court's disposition. Fed R. App. P. 41(d)(2)(B).

A stay of the mandate is warranted because a petition for certiorari from this case will "present a substantial question," and "good cause" exists to preserve the status quo while the parties seek Supreme Court review on an important threshold issue in this case: whether the "offended observer" claim to standing in this case is consistent with Article III and, thus, whether Plaintiffs have standing to press their Establishment Clause claims in this case. Fed. R. App. P. 41(d)(1).

## GROUNDS FOR A STAY

This Court may stay its mandate pending the filing of a petition for certiorari upon a showing "that the petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). This case satisfies both requirements.

### I.     Factual and Procedural Background

Plaintiff Lucinda Hale attended a prayer vigil allegedly organized by agents of the City in response to a shooting spree that injured several children. She was made aware of the vigil through a posting on the Ocala Police Department's Facebook page. Hale testified that "[c]rime creates an environment that's negative for all citizens," but "felt that the invitation to a community prayer vigil did not include her or others who do not pray." Op. at 6.

While Hale "is concerned about alleviating crime," she "felt unable to participate in the vigil because the speakers invited the audience only to pray and sing." Hale testified that the vigil was "similar to a Christian revival." *Id*.

Hale "voluntarily" attended the prayer vigil knowing "she would encounter religious practices she found offensive." *Id*. Relying on prior decisions of this Court regarding Article III standing in the Establishment Clause context, the panel agreed with the district court that Hale "had alleged 'more than a mere interest in the matter,' and because she was injured, she has standing to bring this lawsuit." Op. at

2

6 (citing *ACLU of Ga. v. Rabun Cnty. Chamber of Com., Inc.*, 698 F.2d 1098, 1108 (11th Cir. 1983)).[1]

In addition to finding that Hale had standing to press her Establishment Clause claim, the Court reversed the district court's summary judgment ruling in Plaintiffs' favor. It remanded the case to the district court to evaluate the facts in light of the Supreme Court's decision in *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407 (2022), and "the historical practices and understandings standard endorsed" in that case. Op. at 8.

## II. The City's Supreme Court Petition Will Present a Substantial Question for Review.

The City will petition the Supreme Court to address a question of fundamental significance: whether voluntarily seeking out and being offended by government conduct that allegedly violates the Establishment Clause creates an "injury in fact" sufficient to give Plaintiffs Article III standing in this case.

The importance of preserving the proper boundaries on federal jurisdiction cannot be gainsaid. Where there is no "injury in fact," there can be no standing, and where there is no standing, there can be no federal jurisdiction. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338-39 (2016). Indeed, "[n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional

---

[1] Because the panel held that Hale had standing, it did not need to resolve whether Plaintiff Rojas did. Op. at 7.

3

limitation of federal-court jurisdiction to actual cases or controversies." *Id*. (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).

Hale's only alleged "injury" in this case was offense upon viewing the prayer vigil. In other words, she was not coerced, forced, compelled, or otherwise required to do *anything*. In fact, far from enduring any such coercion, Hale voluntarily sought out the offending government conduct knowing she would be offended. Despite Eleventh Circuit case law holding to the contrary—binding of course on the panel—such "offended observer" standing is wholly inconsistent with Article III's requirement that there be an "injury in fact" that is "concrete and particularized." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020) (citation omitted).

In *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc*., the last time the Supreme Court addressed Establishment Clause standing outside the taxpayer context, the Court squarely held that plaintiffs who "fail[ed] to identify any personal injury . . . other than the psychological consequence presumably produced by observation of conduct with which one disagrees" did not have standing. 454 U.S. 464, 485 (1982). Echoing *Valley Forge*, the Supreme Court later stated, in no uncertain terms, "psychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998).

Several circuit court judges (including a member of this panel) have observed that offended observer standing is inconsistent with Article III's requirement of an injury in fact, and contradicts the plain teaching of *Valley Forge*. *See*, *e.g.*, *Kondrat'Yev v. City of Pensacola*, 949 F.3d 1319, 1336 (11th Cir. 2020) (*Kondrat'yev II*) (Newsom, J., concurring) (*Rabun* was "wrong the day it was decided—utterly irreconcilable with the Supreme Court's then-hot-off-the-presses decision in *Valley Forge*."); *Kondrat'Yev v. City of Pensacola*, 903 F.3d 1169, 1175 (11th Cir. 2018) (*Kondrat'yev I*) (Newsom, J., concurring in the judgment) (noting that, under *Valley Forge*, "offense, affront, exclusion" "are plainly inadequate" to confer standing); *id.* at 1202 (Royal, J., concurring in the judgment) (government action "has to be more than offensive" to constitute an Article III injury under the Establishment Clause); *Chaplaincy of Full Gospel Churches v. United States Navy (In re Navy Chaplaincy)*, 534 F.3d 756, 763 (2008) (Kavanaugh, J.) ("mere personal offense to government action does not give rise to standing to sue"); *Barnes-Wallace v. City of San Diego*, 530 F.3d 776 (9th Cir. 2008) (Kleinfeld, J., dissenting) ("*Valley Forge* holds that 'psychological' injury caused by 'observation' 'conduct with which one disagrees' is not a concrete injury to a legally protected interest sufficient to confer standing ... Thus being there and seeing the offending conduct does not confer standing."); *Books v. Elkhart Cty.*, 401 F.3d 857, 871 (7th Cir. 2005) (Easterbrook, J., dissenting) (noting that "the conclusion ... that seeing an unwelcome object equals

5

injury in fact is impossible to reconcile with *Valley Forge*, for it treats observation *simpliciter* as the injury"); *ACLU of Ohio Found., Inc. v. Ashbrook*, 375 F.3d 484, 497 (6th Cir. 2004) (Batchelder, J., dissenting) (Sixth Circuit's decisions applying offended observer standing are "inconsistent with the holdings in *Valley Forge* and *Steel Co*., and in that regard were wrongly decided.").

Recently, in *Am. Legion v. Am. Humanist Ass'n*, 139 S. Ct. 2067 (2019), these observations were reinforced by Justice Gorsuch, joined by Justice Thomas. Justice Gorsuch stated plainly that the "'offended observer' theory of standing has no basis in law." *Id*. at 2098 (Gorsuch, J., concurring in the judgment). He noted that not only has the Court rejected offense alone as sufficient to confer standing as a matter of jurisdictional principle, *id*. at 2098 (citing *Diamond v. Charles*, 476 U.S. 54, 62 (1986)), it has done so with respect to the Establishment Clause itself, *id*. at 2099 (citing *Valley Forge*, 454 U.S. at 464).

Because mere offense is not a concrete and particularized injury, granting standing to an offended observer "risk[s] exceeding the judiciary's limited constitutional mandate and infringing on powers committed to other branches of government." *Id*. Federal courts are constitutionally authorized only to address "cases and controversies," not resolve "disagreement and offense." *Id*. at 2103. In short, Justice Gorsuch observed, "[o]ffended observer standing cannot be squared with this Court's longstanding teachings about the limits of Article III." *Id*. at 2100.

6

While the Supreme Court has been asked to review whether offended observer standing is consistent with Article III on prior occasions,[2] the City's petition will likely be the first petition to raise the issue in the wake of the Supreme Court's decision to overrule *Lemon v. Kurtzman*, 403 U.S. 602 (1971). *See* Op. 8 (noting, in light of *Kennedy*, "the *Lemon* test is gone, buried for good, never again to sit up in its grave.")[3] This is critical because the Supreme Court's decision last term to overrule *Lemon*, including its endorsement analysis, has rung the death knell for offended observer standing. As Justice Gorsuch observed, the lower courts "invented offended observer standing for Establishment Clause cases in the 1970s in response to this Court's decision" in *Lemon*. *Am. Legion*, 139 S. Ct. at 2101 (Gorsuch, J., concurring). Applying the standard that "prohibiting the government from doing anything that a 'reasonable observer' might perceive as 'endorsing' religion," courts reasoned that, "if the Establishment Clause forbids anything a reasonable observer

---

[2] The law firm representing the City, the American Center for Law & Justice, alone has filed numerous petitions and amicus briefs with the Supreme Court addressing offended observer standing. *See, e.g.*, *City of Elkhart v. Books* (No. 00-1407) (filed April 23, 2001) (petition); *DeWeese v. ACLU of Ohio* (No. 04-841) (filed Dec. 16, 2004) (petition); *Salazar v. Buono*, 559 U.S. 700 (2010) (amicus); *Town of Greece v. Galloway*, 572 U.S. 565 (2014) (amicus); *Am. Legion* (amicus).

[3] The fact that the Supreme Court has ruled on the merits in several Establishment Clause cases without addressing offended observer standing is of no moment. As the Supreme Court has acknowledged, "[w]hen a potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision does not stand for the proposition that no defect existed." *Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1448 (2011) (citations omitted).

7

would view as an endorsement of religion, then such an observer must be able to sue." *Id.* (citing *Moore v. Bryant*, 853 F.3d 245, 250 (5th Cir. 2017) ("The Establishment Clause prohibits the Government from endorsing a religion . . . [a]ccordingly, Establishment Clause injury can occur when a person encounters the Government's endorsement of religion."). *See also Suhre v. Haywood Cnty.*, 131 F.3d 1083, 1086 (4th Cir. 1997) ("[T]he standing inquiry in Establishment Clause cases has been tailored to reflect the kind of injuries Establishment Clause plaintiffs are likely to suffer."); *Penkoski v. Bowser*, 486 F. Supp. 3d 219, 236 (D.D.C. 2020) (the lower courts "adopted offended observer standing when *Lemon* reached its zenith of influence. They are now wedded to that precedent.").

Now that *Lemon* is a thing of the past, so too must be any notion of offended observer standing, which was tethered to *Lemon* itself. As Justice Gorsuch observed in *American Legion*, even before the Court explicitly overruled *Lemon* in *Kennedy*, "[w]ith *Lemon* now shelved, little excuse will remain for the anomaly of offended observer standing, and the gaping hole it tore in standing doctrine in the courts of appeals should now begin to close." *Am. Legion*, 139 S. Ct. at 2102 (Gorsuch, J., concurring). *See also Penkoski*, 486 F. Supp. 3d at 236 ("[w]ith *Lemon* eroded, so too has the justification for accommodating a plaintiff merely standing in the role of the 'reasonable observer.'").

8

### III.  The Request for the Stay is Supported by Good Cause.

Offended observer standing, including whether federal courts have jurisdiction to address such "injuries," is "no mere academic issue," as "it touches on fundamental constitutional postulates," including "separation of powers principles" and "Article III's case-or-controversy requirement. *Kondrat'Yev II*, 949 F.3d at 1336 (Newsom, J., concurring) (citation omitted). Requiring that an injury be concrete and particularized, and not premised on "offense, fear, or stigma," *id*. at 1337, "prevents the judicial process from becoming no more than a vehicle for the vindication of the value interests of concerned bystanders." *United States v. Students Challenging Regulatory Agency Procedures*, 412 U.S. 669, 687 (1973).

Should the Supreme Court grant review in this case and rule that offended observer standing is not supported by Article III this case will be disposed of with no need to address the merits of Plaintiffs' Establishment Clause claim. In fact, the district could not do so, as there would no longer be an injury in this case to be redressed.

In light of the fact that "the Supreme Court has definitively decided that *Lemon* is dead," op. at 8, there is a strong possibility that the Supreme Court will now turn to cleaning up the havoc wreaked by *Lemon*'s ghoul, including the lower courts' use of offended observer standing. There is thus good cause for a stay and,

9

until the Supreme Court rules upon the City's petition, no need for this case to proceed on the merits at the district court below.

## CONCLUSION

Appellant City of Ocala respectfully requests that this Court enter an order staying the issuance of the mandate pending its petition to the United States Supreme Court for a writ of certiorari and until the final disposition of this case by the Supreme Court.

Respectfully submitted this 9th day of August 2022,

> Respectfully Submitted,
>
> /s/ Abigail Southerland
> Abigail Southerland
> AMERICAN CENTER FOR LAW
>     & JUSTICE
> 625 Bakers Bridge Ave., St. 105-121
> Franklin, TN 37067
> Tel. (615) 599-5572
> Fax (615) 309-8832
> asoutherland@aclj.org

Jay Alan Sekulow
Jordan A. Sekulow
Andrew J. Ekonomou
Christina Compagnone
AMERICAN CENTER FOR LAW
   & JUSTICE
201 Maryland Avenue, NE
Washington, DC 20002
Tel. (202) 546-8890
sekulow@aclj.org
ccompagnone@aclj.org

Francis Manion
AMERICAN CENTER FOR LAW
   & JUSTICE
6375 New Hope Rd.
New Hope, KY 40052
Tel. (502) 549-7020
fmanion@aclj.org

*Counsel for Defendant-Appellant*

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,273 words according to the word count function of Microsoft Word.

2.      This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

/s/ Abigail A. Southerland
Abigail A. Southerland
AMERICAN CENTER FOR LAW
 & JUSTICE
625 Bakers Bridge Ave., St. 105-121
Franklin, TN 37067
Tel. (615) 599-5572
Fax (615) 309-8832
asoutherland@aclj.org

*Counsel for Defendant-Appellant*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was electronically filed with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit on August 9, 2022, using CM/ECF, which then served such filing upon the following registered counsel of record for Plaintiffs-Appellees:

Heather Morcroft, Esq.
331 S. Wyemore Road
Winter Park, FL 32789
Tel.: 407-325-0585
hmorcroft13@gmail.com

Monica L. Miller
American Humanist Association
1821 Jefferson Place NW, Washington, DC 20036
(202) 238-9088
mmiller@americanhumanist.org

/s/ Abigail A. Southerland
Abigail A. Southerland
AMERICAN CENTER FOR LAW
 & JUSTICE
625 Bakers Bridge Ave., St. 105-121
Franklin, TN 37067
Tel. (615) 599-5572
Fax (615) 309-8832
asoutherland@aclj.org

*Counsel for Defendant-Appellant*